[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are the plaintiff's and defendant's postjudgment motions to modify the child support order presently in effect obligating the plaintiff to pay to the defendant $100 per week for the support of the parties' minor child.
On February 27, 1989, the court, Axelrod, J., entered a judgment dissolving the parties' marriage. That judgment ordered, inter alia, that the plaintiff pay child support of $125 per week. The judgment also provided that, if the defendant became unemployed, the plaintiff had to secure health insurance for the minor child "if offered by his employer."
On May 7, 1990, the court, Jackaway, J., granted the plaintiff's motion to modify the child support order and reduced the plaintiff's weekly obligation to $100. This is the current child support order. Both parties assert that their financial circumstances have changed substantially warranting a modification, in their favor, of the current support obligation.
Based on the parties' past and present financial affidavits, submitted under Practice Book § 463, and the evidence adduced at the hearing on these motions, the court finds that on May 7, 1990, the date of the most recent order, the plaintiff's net, weekly income was about $300 and the defendant's net, weekly income was about $580; that the plaintiff's present net, weekly income is around $460; and that the defendant is now unemployed but will be receiving about $330 per week unemployment compensation. The court finds that these changes in the financial circumstances of the parties are substantial and warrant review of the existing child support order under General Statutes §§46b-86(a) and 46b-84.
Applying the child support guidelines mandated by General Statutes §§ 46b-86(a) and 46b-215b, the court finds that the plaintiff's obligation under the guidelines is about $80 per week. The guidelines figures and computations employed by the court are included in the worksheet attached hereto. The court has deducted from the plaintiff's gross income business expenses of $75 per week because of out-of-pocket expenditures necessitated by the plaintiff's occupation as a salesperson. This amount is lower than the $92 per week claimed by the plaintiff CT Page 7017 because the plaintiff is able to recoup a portion of these expenses because he is able to deduct these expenses from his gross income for federal and state tax purposes. See e.g. Defendant's Exhibit 3, the plaintiff's 1994 Form 1040, line 12 and Schedule C.
The court also determines that the plaintiff now bears the financial burden of providing health care insurance coverage for his minor child. As noted above, the original judgment provided that the defendant secure such coverage while she was employed, but, once she became unemployed, the burden then shifts to the plaintiff if health care insurance for the child is "offered by his employer." The defendant is now unemployed, and the plaintiff's employer does offer such health care coverage opportunity. Whether the plaintiff obtains coverage through his employer or by other, less expensive, means is immaterial.
For the reasons stated above, the plaintiff's motion for modification is granted, and the child support order is reduced from $100 per week to $80 per week.
Sferrazza, J.
APPENDIX A
 CONNECTICUT CHILD SUPPORT AND ARREARAGE GUIDELINES WORKSHEET A — Page 1
Regina Greene Bernard Greene — --------------- ------------------ ------------------- MOTHER FATHER NAME OF CUSTODIAN
FA 88 COURT Tolland J.D. D.N./CASE NO. 39463 S NUMBER OF CHILDREN ____
 CHILD'S NAME DATE OF BIRTH CHILD'S NAME DATE OF BIRTH ------------ ------------- ------------ ------------- __________________ _____________ ________________ _____________ __________________ _____________ ________________ _____________ __________________ _____________ ________________ _____________ CT Page 7018
 I. Net Income Computation (Weekly amounts) MOTHER FATHER ----------------------------------------------------------------- 1. Gross income (attach verification) $ 333 $ 554 ---- ---- 2. Number of exemptions for tax purposes $ $ ---- ---- 3. Federal income tax $ 12 $ 36 ---- ---- 4. State and local income tax $ $ 19 ---- ---- 5. Social security tax or mandatory retirement $ 25 $ 42 ---- ---- 6. Health insurance premiums (other than child) $ $ 55 ---- ---- 7. [Union dues or fees]* Bus expenses $ $ 75 ---- ---- 8. Unreimbursed work-related day care $ $ ---- ---- 9. Other alimony and child support orders $ $ ---- ---- 10. Sum of lines 3 — 9 $ 37 $ 227 ---- ---- 11. Net income (line 1 minus line 10) $ 296 $ 337 ---- ---- II. Current Support Determination
-----------------------------------------------------------------
12. Combined net weekly income (nearest $10.00) $ 633 ---- 13. Basic obligation (from schedule) $ 158 ---- 14. Check here if noncustodial parent is a low-income obligor (see instructions) ----
15. Child's health insurance premium $ $ 8.60 ---- ----- 16. Total obligation (Line 13 minus noncustodial parent's line 15 amount if line 14 is checked; line 13 plus line 15 total for all other cases) $ 167 ---- 17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18.) .47 .53 ---- ---- 18. Each parent's share of the total obligation (Line 17 times line 16 for each parent) $ $ 89 ---- ---- 19. Health insurance premium adjustment $ $ 9 ---- ---- CT Page 7019
20. Social security benefits adjustment $ $ ---- ---- 21. Sum of lines 19 and 20 (for each parent) $ $ 9 ---- ---- 22. Recommended support amounts (Line 18 minus line 21) $ $ ---- ---- 23. Current support order (Noncustodial parent(s) only. If different from line 22 amount, explain in section VI.) $ $ 100 ---- ----